IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dustin C. Nolan and Jamie Nolan, | ) | C/A No.: 4:09-2043-RBH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sunstate Carriers, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Plaintiff's motion to remand this case to the South Carolina Court of Common Pleas for the Twelfth Judicial Circuit, in Florence County. The court has reviewed the motion, memoranda of counsel, and the record in this case.[1] For the reasons set forth below, the court finds that remand is appropriate.

## **Background Facts and Procedural History**

Plaintiffs, Dustin C. Nolan and Jamie Nolan, South Carolina citizens, brought this action against the Defendant, Sunstate Carriers, Inc., a foreign corporation which does business in South Carolina. Plaintiffs allege in their complaint (C/A No.: 9-2043, Docket entry #1, Attachment #1), filed in the Court of Common Pleas for Florence County (state court) in October 2008, that a tractor trailer driven by an employee of the Defendant drove into the rear of Plaintiff Dustin Nolan's tractor trailer.

The complaint alleges causes of action for negligence and loss of consortium. The prayer for relief, or *ad damnum* clause, requests actual and punitive damages in the sum of $74,500, "the cost of the action and for such other and further relief as the court deems just and proper." The Defendant removed (C/A No.: 08-3846, Docket entry #1) this case from state court in November 2008 on the basis of diversity jurisdiction under 28 U.S.C. § 1332 arguing that the Plaintiffs refused to stipulate that the $74,500 amount in the complaint was the limit of damages that Plaintiffs would seek. The Plaintiffs, then moved to remand the case (C/A No.: 08-3846, Docket entry #6). In a December 2008 Order (C/A No.: 08-3846, Docket entry #8), this court remanded the case, noting that Defendant consented to

---

[1] Under Local Rule 7.08, "[h]earings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

remand based on Plaintiffs' stipulation "that the total amount in controversy, including both actual and punitive damages, did not exceed $74,500" for each Plaintiff.

On February 20, 2009, Plaintiffs filed a motion to amend in state court (C/A No.: 09-2043, Docket entry 1, Attachment 3) the prayer for damages to "an unspecified amount" based on the allegation that the operator of Defendant's tractor trailer was intoxicated at the time of the accident. On April 30, 2009, the state court conducted a hearing on several motions, including Plaintiff's motion to amend.[2] During this hearing, Plaintiff admitted that the basis of its motion was incorrect and withdrew that ground for amending the complaint. Plaintiff, however, argued orally that new medical records, specifically the possibility of back surgery, supported the increased amount. The state court ordered Plaintiff Dustin C. Nolan to furnish Defendant with any supporting medical records. Plaintiff provided the medical records on or about April 30, 2009.

On July 31, 2009, the state court issued an Order (July 2009 Order) (C/A No.: 09-2043, Docket entry #1, Attachment #9) that did not explicitly allow the Plaintiff to amend the complaint, however, it orders him to provide Defendant with any medical records that support Plaintiff's motion to amend. Thereafter, the Defendant removed (C/A No.: 09-2043, Docket entry #1) the case back to federal court for a second time on August 4, 2009 due to its "good faith belief that the amount in controversy exceeds $75,000". In its notice of removal, Defendant specifically cites representations made during the April 30, 2009 motions hearing that Plaintiff's damages had increased due to a surgical procedure. Plaintiff then filed a motion to remand and for fees and costs with this court (C/A No.: 09-2043, Docket entry #8) on August 13, 2009. On August 28, 2009, Defendant filed a response (C/A No.: 09-2043, Docket entry #10) to Plaintiff's motion to remand.

## Standard of Review

As the removing party, Defendant bears the burden of proving that this court has federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). This includes establishing compliance with the removal statute's requirements. *See Marler v. Amoco Oil*

---

[2] A motion to amend and withdraw the complaint of Jamie Nolan was also considered by the state court during the April 2009 motions hearing. Plaintiff Jamie Nolan's complaint was dismissed without prejudice by the state court in the July 2009 Order.

2

*Co.*, 793 F.Supp. 656, 658-59 (E.D.N.C. 1992) ("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of [28 U.S.C.] § 1446(b)."). Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court; accordingly, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-09 (1941).

## **Legal Analysis**

The Defendant removed this case from state court pursuant to 28 U.S.C. §§ 1441 and 1446. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. Defendant bases federal jurisdiction upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Without question, diversity of citizenship is present in this case as the Plaintiff is a citizen and resident of the state of South Carolina and the Defendant is a business entity organized under the laws of the state of Florida with its principal place of business in Florida. However, the amount in controversy has been in flux throughout the litigation, leading to the question of whether the case was properly removable in August 2009. Thus, the key issue before this court is when and whether the thirty-day period of removal has commenced. Plaintiff claims that Defendant's notice of removal was untimely because the period for removal began when Plaintiff filed his motion to amend. On the other hand, the Defendant argues that the removal period did not begin until the July 2009 state court Order which, however, did not grant or deny the Plaintiff's motion to amend. In the alternative, Defendant argues that the removal period began when Plaintiff filed his memorandum in support of his motion to remand. Neither Plaintiff nor Defendant is correct.

Under 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In his motion to remand Plaintiff argues that Defendant's notice of removal was untimely because the period for removal began when Plaintiff filed his motion to amend. *See,* e.g., *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000) (holding that a demand letter requesting

3

an amount in excess of the jurisdictional amount triggered the thirty day removal period). Plaintiff analogizes his motion to increase his prayer for damages and medical records to a demand letter and argues that the Defendant's notice of removal was untimely.

The real issue becomes what is the triggering point for the thirty-day removal period. Should it be when the Plaintiff files the motion to amend to increase the damages prayer or should it be when the state court actually grants the motion? The dilemma presented is that although the motion has been filed, no one knows whether the state court would grant it, and the Defendant is subject to Rule 11 as well as the one year time limit under the federal removal statute.

A minority of courts have held that the removal period begins when a plaintiff files a motion to amend. *See Harriman v. Liberian Maritime Corp.*, 204 F.Supp. 205 (D.C. Mass. 1962); *see also Morrison v. National Ben. Life Ins. Co.*, 889 F.Supp. 945, 948 (S.D. Miss.1995)("Whether or not the lower court has approved [p]laintiff's Motions to Amend, the Motion [for leave to amend the complaint] certainly constitute[s] 'other paper' from which it may first be ascertained that the case is one which is or has become removable".); *Neal v. Trugreen Ltd. P'ship*, 886 F.Supp. 527, 528 (D.Md. 1995); *Baker v. Nat. Boulevard Bank of Chicago*, 399 F.Supp. 1021, 1022-23 (N.D.Ill. 1975). In granting the motion to remand, the *Harriman* court held that the removal period commenced when defendant received plaintiff's motion to amend the *ad damnum* clause, reasoning that "Congress did not condition the running of the period upon receipt by defendant of knowledge that a motion had been allowed but rather on the defendant's receipt of a motion which indicated that jurisdictional amount was satisfied". *Id.* at 206-207.

The majority of courts, however, have held that the thirty-day removal period does not begin to run until a state court judge enters an order granting leave to file an amended complaint. *See Hibbs v. Consolidation Coal Co.*, 842 F.Supp. 215 (N.D. W.Va. 1994); *see also Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *Douklias v. Teacher's Ins. And Annuity Ass'n*, 35 F.Supp.2d 612, 615 (W.D. Tenn. 1999); *Finley v. Higbee Co.*, 1 F.Supp.2d 701, 704 (N.D. Ohio 1997); *Crump v. Wal-Mart Group Health Plan*, 925 F.Supp. 1214, 1219 (W.D.Ky. 1996); *Graphic Scanning Corp. v. Yampol*, 677 F.Supp. 256, 259 (D.Del. 1988) (district court recognized that commencing the thirty-day period upon the filing of the plaintiff's motion would force a defendant to speculate as to the state court's ruling and

4

requires a defendant to file his removal petition before the grounds for removal actually exist); *Schooner v. West American Ins. Co.*, 665 F.Supp. 511 (S.D. Miss. 1987) (finding that a motion for leave to amend did not show that the case had become removable because the state court retained discretion to deny the leave to amend). The *Hibbs* court stated that the majority view has declined to follow *Harriman*, and reasoned that "adopting the majority view relieves defendants from speculating about the state court's ruling or speculating about whether a plaintiff will withdraw a motion to amend if a [n]otice of [r]emoval is filed". *Hibbs*, 842 F.Supp. at 217.

More recently, an Iowa district court also followed the majority rule that a motion to amend a petition filed in state court does not commence the thirty-day period for filing a notice of removal in federal court. *Owings v. Deere and Co.* 441 F.Supp.2d 1011, 1013 (S.D. Iowa 2006) (concluding that remand was appropriate because the defendants filed a motion to remove even though the state court never ruled on the plaintiff's motion to amend the petition).

Therefore, Defendant's arguments that neither the medical records nor Plaintiff's oral argument at the April 30, 2009 hearing fulfill the requirement of § 1446(b) are correct but also self-defeating. Section 1446(b) reflects the limited jurisdiction of the federal courts and counsels this court against permitting the premature removal of the case from state court. *Owings*, 441 F.Supp.2d at 1014 (stating that the "majority rule is the most appropriate rule in light of the limited jurisdiction of the federal courts."). Most notably, if the medical records do not provide a writing from which it may be ascertained that the case is removable, the court is uncertain as to how the July 2009 Order which appears only to provide written confirmation of a verbal order made during the April 2009 hearing could provide the requisite certainty. Therefore, it appears to this court that the majority rule that a motion to amend a petition filed in state court, with or without a draft complaint, does not commence the thirty-day period for filing a notice of removal in federal court best comports with 28 U.S.C. § 1446(b).    In its response, Defendant also errantly relies upon *Yarnevic v. Brink's Inc.*, 102 F.3d 753 (4th Cir. 1996) to support an argument that Plaintiff's memorandum in support of its motion to remand meets the requirements of § 1446(b). *See also Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir. 1997) (denying motion to remand where documents exchanged in the case by parties that definitively demonstrated diverse citizenship, including a police report, triggered the thirty day removal

period). In *Yarnevic*, the defendant sought removal based on diversity jurisdiction. In the plaintiff's subsequent memorandum in support of his motion to remand, the plaintiff admitted that he moved since filing the complaint to a state that would support diversity jurisdiction. In denying the plaintiff's motion to remand, the *Yarnevic* court reasoned that the "motion, order, or other paper" requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner." *Id*. (citing *Broderick v. Dellasandro*, 859 F.Supp. 176, 178 (E.D.Pa. 1994) (quoting 14A Wright, Miller, and Cooper, *Federal Practice and Procedure*, § 3732 at 520)). Unlike the situation in *Yarnevick*, where plaintiff's domicile was definitively established in the "other paper" the amount in controversy in the present case was speculative at the time Defendant filed its notice of removal. Again, this argument fails because it prematurely assumes that the motion to amend to increase the damages prayer has even been granted. Moreover, this court notes the rule that "[i]f a court is in doubt about whether removal is appropriate, the case should be remanded to state court." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *see also Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1102 (D.S.C. 1990). Courts must narrowly interpret removal jurisdiction because of federalism concerns. Accordingly, the court holds that the Defendant's notice of removal was premature because the thirty-day period for removal did not begin when the Plaintiff filed his motion to amend, when the state court issued its July 2009 Order, or when Plaintiff filed his motion to remand and supporting memoranda. The court, in its discretion, denies fees and costs.

## **Conclusion**

For the foregoing reasons, this court concludes that this action was removed prematurely. Therefore, the Plaintiff's motion to remand is **GRANTED**. This case is hereby **REMANDED** to the South Carolina Court of Common Pleas for the Twelfth Judicial Circuit, in Florence County. A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of Court of Common Pleas, Florence County, Twelfth Judicial Circuit of South Carolina. The Plaintiff's request for fees and costs is also **DENIED**.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 14, 2009
Florence, South Carolina